UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARIAH MEADE, on her own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OLIVE & JUNE, LLC, a Delaware corporation,<br><br>Defendant. | No.<br><br>NOTICE OF REMOVAL<br>(Pierce County Superior Court<br>Case No. 26-2-07593-5) |

TO: Clerk, United States District Court for the Western District of Washington

AND TO: MARIAH MEADE, and her Attorneys of Record

Defendant Olive & June, LLC ("Olive & June"), hereby gives notice that it is removing the above-captioned case, originally filed in the Superior Court of the State of Washington for Pierce County, Case No. 26-2-07593-5, to the United States District Court for the Western District of Washington. Olive & June removes the case pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, on the grounds set forth below.

1. On April 9, 2026, Plaintiff Mariah Meade, acting individually and on behalf of a purported class of persons she seeks to represent, served the Complaint and Summons on Olive & June's registered agent, Capitol Corporate Services. Pursuant to 28 U.S.C. § 1446(a), a copy of the proof of service and Summons and Complaint is attached as Exhibit A. The documents that comprise Exhibit A constitute all process, pleadings, and orders served upon Olive & June.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*See* 28 U.S.C. § 1446(a). Pursuant to LCR 101(b), the Complaint is separately attached as Exhibit B.

2. Removal of this action is therefore timely because Olive & June filed this Notice of Removal within 30 days after the service of the Summons and Complaint. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a).

3. Olive & June removes this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), and 28 U.S.C. § 1453, on the basis that (a) this action is a proposed "class action" as defined in 28 U.S.C. § 1332(d)(1)(B); (b) members of the proposed class are citizens of a state different than Olive & June; (c) the number of members of the proposed class exceeds 100; and (d) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.

**Proposed Class Action**

4. Plaintiff brings this case as a proposed class action, Compl. ¶¶ 94–104 (Ex. B), and seeks certification of the putative class under Washington Superior Court Civil Rule ("CR") 23 (*id.* ¶ 94). Washington courts have long held that CR 23 and its federal counterpart are "substantially similar." *See, e.g., Summers v. Sea Mar Cmty. Health Ctrs.*, 541 P.3d 381, 388 (Wash. Ct. App. 2024). Therefore, this action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."

**Minimal Diversity**

5. Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert jurisdiction over a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." Such minimal diversity exists among the parties here.

6. As alleged in the Complaint, Plaintiff is a resident of Washington. Compl. ¶ 10. Plaintiff seeks to represent a class that comprises the following: "All Washington citizens holding an email address to which Defendant sent or caused to be sent any email listed in Exhibit



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

A during the Class Period." *Id.* ¶ 94. Exhibit A of the Complaint identifies eight promotional emails purportedly sent by Defendant. Compl. Ex. A.

7. Olive & June is duly incorporated in the State of Delaware. Its principal place of business is in the State of California (contrary to Plaintiff's assertion, Compl. ¶ 11). Therefore, Olive & June is a citizen of the State of Delaware and the State of California for purposes of diversity of citizenship. *See Danjaq, S.A. v. Pathe Commc'ns Corp.*, 979 F.2d 772, 773 (9th Cir. 1992) (alien corporations are citizens of both their foreign place of incorporation and principal place of business). No other defendants are named in this action. Accordingly, complete diversity exists between (i) Plaintiff, who is a Washington citizen, and the putative class she seeks to represent and (ii) Olive & June, thereby satisfying the requirement of minimal diversity under 28 U.S.C. § 1332(d)(2)(A).

**The Putative Class Numbers Not Less than 100**

8. The number of members of the class that Plaintiff proposes exceeds 100 persons. *See* 28 U.S.C. § 1332(d)(5)(B). Plaintiff alleges that "the Class is estimated to minimally contain thousands of members." Compl. ¶ 98.

**The Amount in Controversy Is Over $5,000,000**

9. "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). This is an "action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).

10. "In measuring the amount in controversy, a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *see also Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (same). "[T]he amount in controversy reflects the *maximum* recovery the plaintiff could



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (citation omitted) (emphasis in original).

11. Where, as here, a complaint fails to state an amount in controversy, "the defendant's notice of removal may do so," and the defendant need only submit a short and plain statement that "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). That statement "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. If "the defendant's assertion of the amount in controversy is challenged by Plaintiff in a motion to remand, the Supreme Court has said that both sides submit proof and the court then decides where the preponderance lies." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015).

12. Here, Plaintiff seeks "the greater of [its] actual damages or liquidated damages of $500 per violation, trebled; and costs of the suit, including a reasonable attorney's fee." Compl. ¶ 121. Plaintiff also seeks "a judgment . . . permanently enjoining Defendant from the unlawful conduct alleged." *Id.* § VIII(B). The Court may consider these types of alleged damages, aggregated on a class-wide basis, when conducting the amount-in-controversy calculation. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (injunctive relief and state law claims authorizing attorneys' fees may be taken into account when determining the amount in controversy for federal diversity jurisdiction).

13. Plaintiff alleges at least eight emails between 2022 and 2025 contained "false or misleading" subject lines. Compl. ¶ 90. Plaintiff further alleges the class is estimated to "minimally contain thousands of members." *Id.* ¶ 98. Plaintiff also alleges "Plaintiff and putative members are entitled to . . . damages of $500 per violation." *Id.* ¶ 121.

14. Without conceding and outright denying any purported liability, based on reasonable assumptions and Plaintiff's allegations that Olive & June sent at least eight emails at issue, *id.* Ex. A, to at least "thousands" of putative class members, *id.* ¶ 98, and with $500 in alleged minimum damages per email, the amount in controversy exceeds $5,000,000 especially



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

when accounting for Plaintiff's requested attorney's fees, treble damages, punitive damages, and injunctive relief. Accordingly, the alleged aggregated damages, fees, and costs Plaintiff seeks surpass CAFA's $5,000,000 amount-in-controversy requirement.

**Removal Is Proper**

15. Pursuant to 28 U.S.C. § 1453, a suit over which a district court would have original jurisdiction under CAFA may be removed to federal court from state court, as provided by 28 U.S.C. §§ 1441(a) and 1446(a). Because this Court could have asserted original jurisdiction over this case, Olive & June is entitled to remove the present action to this Court.

16. Pierce County Superior Court lies within the Western District of Washington. *See* 28 U.S.C. § 128. Accordingly, removal to this district is proper. *See* 28 U.S.C. § 1441(a). The Tacoma Division is the proper division for this matter, as it is being removed from Pierce County. *See* LCR 3(e)(1).

17. Pursuant to 28 U.S.C. § 1446, written notice of the filing of this Notice of Removal and the removal of the state court action will be served on Plaintiff through their counsel of record. A copy of this Notice of Removal is being filed promptly with the Clerk of the Pierce County Superior Court, as required by 28 U.S.C. § 1446(d).

18. The removal of this action terminates all proceedings in the Superior Court. *See* 28 U.S.C. § 1446(d).

19. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Olive & June's right to assert any claim or defense. Olive & June reserves the right to assert all applicable claims and defenses in response to the Complaint.

**LCR 101(b) Requirements Are Met**

20. In accordance with LCR 101(b), Olive & June has filed contemporaneously with this Notice of Removal a copy of the operative Complaint, which is separately attached as Exhibit B. A certificate of service which lists all counsel who have appeared in the action with their contact information, including email addresses, is appended to the end of this Notice of



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Removal. Olive & June has also filed a completed Civil Cover Sheet, which the Court's ECF system will automatically append to this Notice of Removal in ECF.

WHEREFORE, the above-entitled action is removed from the Pierce County Superior Court to the United States District Court for the Western District of Washington.

DATED this 8th day of May, 2026.

DAVIS WRIGHT TREMAINE LLP

By: *s/ Lauren B. Rainwater*
Lauren B. Rainwater, WSBA #43625
*s/ Rachel Herd*
Rachel Herd, WSBA #50339
*s/ Quincy Rush*
Quincy Rush, WSBA #62834
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Tel: 206.622.3150
Fax: 206.757.7700
E-mail: laurenrainwater@dwt.com
E-mail: rachelherd@dwt.com
E-mail: quincyrush@dwt.com

*Attorneys for Defendant Olive & June, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of May, 2026, I caused the attached to be electronically filed with the Clerk of the Court using the CM/ECF system, and I hereby certify that a copy was emailed and mailed by United States Postal Service to the following counsel.

Samuel J. Strauss, WSBA #46971
Raina C. Borrelli, *Pro Hac Vice Forthcoming*
STRAUSS BORRELLI PLLC
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Tel: (872) 263-1100
E-mail: sam@straussborrelli.com
E-mail: raina@straussborrelli.com

Lynn A. Toops, *Pro Hac Vice Forthcoming*
Natalie A. Lyons, *Pro Hac Vice Forthcoming*
Ian R. Bensberg, *Pro Hac Vice Forthcoming*
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel: (317) 636-6481
E-mail: ltoops@cohenmalad.com
E-mail: nlyons@cohenmalad.com
E-mail: ibensberg@cohenmalad.com

J. Gerard Stranch, IV, *Pro Hac Vice Forthcoming*
Michael C. Tackeff, *Pro Hac Vice Forthcoming*
Andrew K. Murray, *Pro Hac Vice Forthcoming*
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel: (615) 254-8801
E-mail: gstranch@stranchlaw.com
E-mail: mtackeff@stranchlaw.com
E-mail: amurray@stranchlaw.com

*Attorneys for Plaintiff*

DATED this 8th day of May, 2026.

*s/ Lauren B. Rainwater*
Lauren B. Rainwater, WSBA #43625



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax