UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **MARIAH MEADE**, on her own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**OLIVE & JUNE, LLC**,<br><br>Defendant. | No. 3:26-cv-05483-TMC<br><br>Honorable District Judge Tiffany M. Cartwright<br><br>**STIPULATED ORDER ON ELECTRONICALLY STORED INFORMATION (ESI) PROTOCOL**<br><br>Noting Date<br>Friday, August 14, 2026 |

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**1) PURPOSE**

This Stipulated Order will govern discovery of ESI in this case as a supplement to the Federal Rules of Civil Procedure, the Local Rules for this Court, the Rules of Professional Conduct, and any other applicable orders and rules.

**2) GENERAL PRINCIPLES**

The Parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter.



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

Nothing in this Stipulated Order shall be interpreted to require disclosure of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Except as expressly provided herein, the parties do not waive any objections as to the production, discoverability, authenticity, admissibility, or confidentiality of any particular documents or ESI.

This Stipulated Order may be modified in the Court's discretion or by agreement of the parties for good cause shown. If the parties cannot resolve their disagreements regarding these modifications, the parties shall seek a resolution pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules governing discovery disputes.

This Stipulated Order may only apply to the parties in this matter.

**3) DEFINITIONS**

a. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in the Federal Rules of Civil Procedure. The term "Document" shall include Hard-Copy Documents, and ESI, as defined herein.

b. "Electronically Stored Information" or "ESI" means Documents or Data existing in electronic form at the time of collection, including but not limited to: e-mail or other means of electronic communications, word processing files (e.g. Microsoft Word), computer presentations (e.g. PowerPoint slides), spreadsheets (e.g. Excel), image files (e.g. PDF), chat applications, text messages, and other ephemeral data sources.

c. "Hard-Copy Document" means Documents existing in paper form at the time of collection.



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

d. "Native Format" means and refers to the format of ESI in which it was generated and/or as used by the producing party in the usual course of its business and in its regularly conducted activities. For example, the native format of an Excel workbook is .xls or .xlsx.

e. "Near-Native Format" means and refers to the format of ESI that preserves the functionality, searchability, and integrity of a Native Format item when it is infeasible or unduly burdensome to produce the item in Native Format, including where redactions to an otherwise Native Format item are made. For example, an MBOX is a suitable near-native format for production of Gmail, an Excel spreadsheet is a suitable near-native format for production of Google Sheets, and EML or MSG files may be suitable near-native formats for production of individual e-mail messages. Static images are not near-native formats for production of any form except Hard-Copy Documents.

f. "Metadata" means (i) information embedded in or associated with a native file that is not ordinarily viewable or printable from the application that generated, edited, or modified such native file which describes the characteristics, origins, usage, and/or validity of the electronic file; (ii) information generated automatically by the operation of a computer or other information technology system when a native file is created, modified, transmitted, deleted, or otherwise manipulated by a user of such system, (iii) information, such as Bates numbers, created during the course of processing documents or ESI for production, and (iv) information collected during the course of collecting documents or ESI, such as file names, file paths, system dates, name of the media device on which it was stored, or the custodian or noncustodial data source from which it was collected.

g. "Optical Character Recognition" or "OCR" means the process of recognizing and creating a file containing visible text within an image.



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

h. "Producing Party" means any Party or third-Party to this litigation who produces documents or ESI pursuant to any discovery request, subpoena, or otherwise.

i. "Receiving Party" means a Party or third-Party to this Action who requests the protections provided by this ESI Protocol.

**4) PRESERVATION**

The parties have discussed their preservation obligations and preservation needs, and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

1. The parties shall abide by their common law obligations to preserve relevant documents and information; and

2. The parties will meet and confer regarding the custodians for whom ESI will be preserved.

**5) ESI DISCLOSURES**

Prior to conducting searches for ESI in response to discovery requests, and in conjunction with negotiations on discovery requests, each Party shall disclose and make a good-faith effort to agree on, within a reasonable amount of time:

1. Custodians. The names, title, and roles of custodians most likely to have discoverable ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under the custodian's control.

2. Non-custodial Data Sources. A list of non-custodial data sources (e.g., shared drives, servers, internal messaging applications, online storage such as Dropbox or Google Drive,), if any, likely to contain discoverable ESI.



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

3. Third-Party Data Sources. A list of third-party data sources, if any, likely to contain discoverable ESI, and, for each such source, the extent to which a Party is (or is not) able to preserve information stored in the third-party data source.

4. Inaccessible Data. To the extent that a Party wishes to exclude any additional categories of documents and ESI from preservation or production that a Party asserts is not proportionate or reasonably accessible under the Federal Rules of Civil Procedure, the Party will disclose the document category and specify the extent of the burden, and the parties will meet and confer in an effort to resolve the issue.

5. Parties have a continuing obligation to identify any other custodial and non-custodial data sources likely to contain discoverable ESI and preserve them.

**6) SEARCH METHODOLOGY**

The parties agree that in responding to an initial request pursuant to Fed. R. Civ. P. 34, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery, such as whether to use search terms.

If search terms are requested by the Requesting Party, the parties must meet and confer in good faith regarding search terms and queries, file types and date restrictions, data sources and custodians. The parties shall continue to cooperate in revising the appropriateness of the search methodology, such as by the Producing Party providing hit count reports. The Producing Party may identify each search term or query returning overbroad results demonstrating the overbroad results and provide a counter proposal as to revised searches or queries. In the event the parties are unable to reach agreement on search terms, including as to the breadth of proportional document



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

review efforts, the parties shall consider in good faith the possibility of a phased approach to document review and production efforts.

If a Party elects to use technology-assisted review, continuous-active learning, or other advanced technology-based analytics to cull unstructured ESI, the parties will meet and confer regarding the parameters that will apply. For the avoidance of any doubt, a Producing Party is at liberty to use any methodology and tool for the purpose of prioritization and/or expediting the review, so long as no documents are culled or removed from attorney review or production based on such methodology. A Producing Party may always conduct a manual review for responsiveness and privilege, whether or not search terms or technology-aided review is also utilized.

To the extent a response to discovery requires production of discoverable ESI contained in a structured database, the Parties shall meet and confer in an attempt to agree upon an appropriate form of production and potential methods of generating a report in a reasonably usable and exportable electronic file format for review by the Requesting Party. Upon review of the exported electronic file(s), the Requesting Party may make reasonable requests for additional information to explain the database schema, codes, abbreviations, and different report formats or to request specific data from identified fields. A potential approach to discovery involving structured database materials may involve the parties meeting and conferring upon a set of queries to be made for discoverable information within the database.

**7) PRODUCTION FORMATS**

**Principles applicable to all productions of ESI and Hard-Copy Documents**

a. The parties agree to make rolling productions based on a production schedule to be agreed upon by the Parties.



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

b. Documents will be produced to the Requesting Party in the formats addressed below under "Principles applicable to ESI" and "Principles applicable to hard-copy documents."

c. Each document file shall be named with a unique number (Bates Number). File names should not be more than twenty characters long or contain spaces.

d. Entire document families must be produced, even if only the parent or an attachment is responsive. Specifically, the Parties agree that if any part of an Email or its attachments is responsive, the entire Email and attachments may be produced, except any document that must be withheld or redacted on the basis of privilege or work-product protection, which will be replaced with a slipsheet or redacted, and entirely withheld documents (as opposed to redacted) placed on a privilege log as required. The parties shall take reasonable steps to ensure that parent-child relationships within a document family (the association between an attachment and its parent document) are preserved, including any attachments to emails subsumed within an email thread. The Producing Party will determine whether hyperlinked documents and modern attachments exist and whether they may contain responsive and relevant information. If they do exist and are a possible source of relevant and responsive information, the Producing Party will make reasonable efforts to preserve the underlying documents for production. The parties will meet and confer in good faith regarding any technical burdens regarding hyperlinked documents.

e. The full text of each electronic document shall be extracted or OCRed ("Extracted Text") and produced in a text file. Document level extracted text or OCR for documents without extracted text will be provided by the Producing Party for every record, including for scanned Hard-Copy Documents as described above. Extracted text will not be provided for ESI that have been redacted because the extracted text would reveal the redacted information. Instead, these files will be OCRed to capture the visible text and those results will be provided in lieu of the original



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

extracted text. The Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a foreign language) and shall be named with a unique Bates Number (e.g., the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

f. The Parties are not obligated to populate manually any of the metadata fields set forth below if such fields cannot be reasonably extracted from a document with the exception of the following fields: (a) ProdBeg, (b) ProdEnd, (c) ProdBegAttach, (d) ProdEndAttach, and (e) AllCustodian, which should be populated regardless of whether the fields can be populated pursuant to an automated process. The parties reserve the right to request additional metadata fields should the Party show good cause for the necessity of such additional metadata.

g. The parties agree that this Stipulated Order does not preclude a Party from requesting the production of documents by inspection of Hard-Copy Documents as they are kept in the ordinary course of business.

h. Confidentiality: The Parties have entered into a protective order in this matter which specifies various confidentiality treatment levels for use in this case. The confidentiality treatment level for any item will be provided with the created data for that item, in the field entitled "Confidentiality Treatment." For items with no confidentiality requirements, the field will be left blank. The Producing Party will brand any confidentiality endorsement in a corner on any TIFF images representing the produced item. Those endorsements must be in a consistent font type and size and must not obscure any part of the underlying image or Bates number.

**Principles applicable to ESI.**

i. The parties agree that, except as provided herein or otherwise agreed upon by the parties, ESI shall be produced in TIFF, JPEG, or PDF with load file production or native format.



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

No matter the format, such productions shall be accompanied by Opticon and IPRO load files (or other generally acceptable load file format) that contains the reasonably available metadata fields identifying natural document breaks and also includes companion OCT and/or extracted text files. Each TIFF file shall be given a unique file name that matches the Bates number label on first page of the document.

j. Documents with hidden content, such as spreadsheets or presentations, where feasible, shall be produced in native or TIFF with all content unhidden and notes displayed. If a document must be produced in TIFF, it shall be processed with all content unhidden and any notes displayed on the TIFF image. The Parties reserve all rights to meet and confer to request production of documents with hidden content in an alternate format.

k. If a Document is more than one page, the parties shall make reasonable efforts, consistent with reasonable industry practices, to provide the logical unitization of the document, any attachments, and/or affixed notes as they exist in the original document.

l. The Parties agree to produce documents using the Coordinated Universal Time Zone.

m. A Producing Party may de-duplicate electronic documents and is not obligated to extract or produce entirely duplicate ESI. Removal of duplicate documents shall only be done on either (1) exact duplicate documents based on MD5 hash values across custodians, or (2) emails that contain the same content, sender and recipients as other messages despite not having matching MD5 hash values such that they would be identified as "email duplicate spare messages" by the Relativity document review platform or an equivalent designation in an alternative document review platform. However, family relationships will be maintained and only exact email family groups, including email duplicate spare messages or equivalents, will be de-duplicated. No email



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

attachment will be de-duplicated against a loose file. Global de-duplication across the entire collection will be employed. This eliminates duplicates to retain only one copy of each document per case. For example, if an identical document resides with three custodians, only the first custodian's copy will be included in the review set. The custodian field will list each custodian, separated by a semicolon, who was a source of that document, or alternatively the Producing Party may utilize a separate "All Custodians" field which identifies all custodians of the subject document.

n. The parties agree that the fields of metadata in Exhibit A shall be preserved, collected, and produced, only to the extent it is reasonably accessible and non-privileged. This list of metadata is intended to be flexible and may be changed by agreement of the parties, particularly in light of advances and changes in technology, vendor, and business practices.

o. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database, and audio or video, will be produced in native format, or near-native format. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents.

p. Where feasible, the original native files, or near-native files as appropriate, should be produced in addition to a single-page PDF (or TIFF or JPEG) placeholder for each document. The placeholder should be endorsed with "Native Format Document," or equivalent, and endorsed with the Bates number assigned to that document. The produced native file should be named with the Bates number assigned to that document. Any confidentiality or other designations stamped on the placeholder for such a document shall apply to the entire native file and its contents. For documents whose native format is MS Power Point, the original native files shall be produced with any comments and color preserved. The produced native file should be named with the beginning



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

Bates numbers assigned to that document. The parties will meet and confer upon the other types of files that are not easily converted to image format and will therefore be produced in native format.

q. The relative path to the native file should be included in the delimited text file and the produced files should be organized in a "NATIVES" folder in the production media.

r. All documents, native ESI, photographs, and video shall be produced in color if stored in color. Documents produced in color shall be produced as JPEG images, 300 dpi or higher and 24-bit color depth. Except as already specified herein, the parties agree to make a good faith effort to comply with reasonable and specific requests for the production of higher resolution or color images. Nothing in this order shall preclude a Producing Party from objecting to such requests as unreasonable in number, timing or scope, provided that a Producing Party shall not object if the document as originally produced is illegible or difficult to read. The Producing Party shall have the option of responding by producing a native-file version of the document. If a dispute arises with regard to requests for higher resolution or color images, the parties will meet and confer in good faith to try to resolve it.

**Principles applicable to Hard-Copy Documents.**

t. The parties agree that documents existing in hard copy form should be produced as PDF, TIFF, or JPEG format and accompanied by an Opticon and IPRO load file (or other generally acceptable load file format). Each PDF, TIFF or JPEG file will be given a unique file name that matches the Bates number label on the corresponding page. The accompanying load file shall contain, at a minimum, (a) ProdBeg, (b) ProdEnd, (c) AttachProdBeg, (d) AttachProdEnd and (e) custodian name, to the extent available. The full extracted or OCR text should be included and



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

produced at a document level and located in the same folder as their respective document image or OCR/TEXT folder.

u. The parties agree that documents existing in hard copy form may be produced in searchable PDF, TIFF or JPEG if the parameters in paragraph (t) are unduly burdensome and not proportionate to the needs of the case. Each PDF, TIFF or JPEG file will be given a unique file name that matches the Bates number label on the first page of the document.

v. The parties will undertake best efforts to unitize documents correctly. In scanning Hard-Copy Documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., paper documents should be logically unitized).

w. Text of Hard-Copy Documents shall be extracted using industry-standard OCR technology. Text files shall not contain the redacted portions of the documents.

x. Responsive Hard-Copy Documents shall not be eliminated as duplicates of responsive ESI.

**8) DOCUMENTS PROTECTED FROM DISCOVERY**

The obligation to provide a log of privileged or work product materials presumptively shall not apply to: (a) Attorney work product created by Outside Counsel for the Parties regarding this litigation created after the filing of the first complaint; (b) Internal communications within Outside Counsel for the Parties regarding this litigation created after the filing of the first complaint; (c) Communications between Outside Counsel and the Party they represent regarding this litigation after the filing of the first complaint. The parties agree to confer regarding other categories of information that may be excluded from logging requirements.



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

The Parties agree that they will produce privilege logs and will exchange information regarding claims of privilege and/or work product protection within 30 days after delivering a production in which the party has redacted or slipsheeted a document or 30 days after a party has made a final determination to withhold a document as privileged or work product. In any event, the Parties agreed to provide privilege logs no later than 30 days before the deadline for filing motions related to discovery, unless an earlier deadline is agreed to by the parties.

For documents and ESI that have been withheld or redacted as privileged, the withholding Party shall provide a privilege log of such documents and ESI, providing the following objective metadata to the extent it is reasonably available: date, author(s)/from, recipient(s), file type, and subject (to the extent the subject does not reveal protected content). In addition, the withholding Party shall also provide for each document on their privilege log an identifier for the privilege being asserted (e.g., "ACP" for attorney client privilege, "WP" for work product, or other descriptions as necessary based on the specific privilege being claimed), the document's Bates numbers or other unique identifier, and a description of the nature of the privileged or protected material in such a way that will enable other parties to assess the claim.

The parties reserve the right to request additional information regarding individual documents on the privilege log.

**a. Limitations and Non-Waiver**

**(i) No Waiver by Disclosure.** This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Order, if a party (the "Producing Party") discloses information in connection with the pending litigation, that the Producing Party thereafter claims to be protected by the attorney-client privilege and/or trial preparation material protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

deemed a waiver or forfeiture any other proceeding in this or any other federal, state, arbitration, or of any claim of privilege or protection as trial preparation material that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter. This Section shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to Privileged Documents. The parties agree that, the provisions of Fed. R. Evid. 502(b) shall not apply to this litigation.

**(ii) Notification Requirements; Best Efforts of Receiving Party.** A Producing Party must promptly notify the party receiving the Protected Information (the "Receiving Party"), in writing that it has disclosed the Protected Information without intending a waiver by the disclosure. The notification by the Producing Party shall include as specific an explanation as possible why the Protected Information is covered by the attorney-client privilege and/or constitutes trial preparation material. Upon such notification, the Receiving Party must unless it contests the claim of attorney-client privilege or protection as trial preparation material in accordance with paragraph (iii) promptly (a) notify the Producing Party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has and (b) provide a certification that it will cease further review, dissemination and use of the Protected Information. [For purposes of this Order, Protected Information that has been stored on a source of electronically stored information that is not reasonably accessible, such as backup storage media, is sequestered. If such data is retrieved, the Receiving Party must promptly take steps to delete or sequester the restored Protected Information.]

**(iii) Contesting Claims of Privilege or Protection as Trial Preparation Material.** If the Receiving Party contests the claim of attorney-client privilege or protection as trial preparation



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

material, the Receiving Party must within 30 days of receipt of the notification referenced in Paragraph (ii) move the Court for an Order finding that the material referenced in the notification does not constitute Protected Information. This Motion cannot assert the fact or circumstance of the disclosure as a ground for determining that the material does not constitute Protected Information. Pending resolution of the Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than as required by law to be served with a copy of the sealed Motion.

**(iv) Stipulated Time Periods.** The parties may stipulate to extend the time periods set forth in subparagraphs (ii) and (iii).

**(v) Burden of Proving Privilege or Protection as Trial Preparation Material.** The Disclosing Party retains the burden upon challenge pursuant to Paragraph (iii) the privileged or protected nature of the Protected Information.

**(vi) In Camera Review.** Nothing in this Order limits the right of any Party to petition the Court for an in camera review of the Protected Information.

**(vii) Voluntary and Subject Matter Waiver.** This Order does not preclude a Party from voluntarily waiving the attorney-client privilege or trial preparation material protection. The provisions of Federal Rule of Evidence 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

**(viii) Rule 502(b)(2).** The failure to take reasonable steps to prevent the disclosure shall not give rise to a waiver of the privilege.

**9) MODIFICATIONS**

a. Any practice or procedure set forth herein may be varied by agreement of the Parties, and first will be confirmed in writing, where such variance is deemed appropriate to



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

facilitate the timely and economical exchange of electronic data or other covered discovery materials.

b. Should any Party subsequently determine in good faith that it cannot proceed as required by this Order or that the Order requires modification, the Parties will meet and confer to resolve any dispute before seeking Court intervention.

*[Counsel signatures to follow on next page.]*



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

IT IS SO STIPULATED this 14th day of August, 2026.

*/s/ Samuel J. Strauss*
Samuel J. Strauss, WSBA #46971
Raina C. Borrelli (*pro hac vice)*
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops (*pro hac vice)*
Natalie A. Lyons (*pro hac vice)*
Ian R. Bensberg (*pro hac vice)*
**COHENMALAD LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 42604
Telephone: (317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohoenmalad.com

Michael C. Tackeff (*pro hac vice)*
**STRANCH JENNINGS & GARVEY PLLC**
223 Rosa L Parks Ave., Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
Facsimile: (615) 250-3937
mtackeff@stranchlaw.com

*Counsel for Plaintiff and the Proposed Class*

*/s/ Lauren B. Rainwater*
Lauren B. Rainwater, WSBA #43625
Rachel Herd, WSBA #50339
Quincy Rush, WSBA #62834
**DAVIS WRIGHT TREMAINE LLP**
920 Fifth Ave, Suite 3300
Seattle, WA 98104
Telephone: (206) 622-3150
Facsimile: (206) 757-7700
laurenrainwater@dwt.com
rachelherd@dwt.com
quincyrush@dwt.com

*Counsel for Defendant Olive & June*

IT IS SO ORDERED.

DATED: August 17, 2026

Honorable District Judge Tiffany M. Cartwright
United States District Court Judge



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

## EXHIBIT A

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| DOCID/IMAGEFILENAME | Unique identifier |
| PRODBEG | First Page document number |
| PRODEND | Last Page document number |
| PRODBEGATT | First Page of Family group range number |
| PRODENDATT | Last Page of Family group range number |
| CUSTODIAN | All record owners of the file from whom the data was collected |
| ALLCUSTODIAN | All custodians who were in possession of a de-duplicated document besides the individual identified in the Custodian field |
| HASH VALUE | A unique, identifying number of a file calculated by a hash algorithm, e.g. MD5. |
| FROM | Email Sender |
| TO | Email Recipient(s) |
| CC | Email Recipient(s) that were Copied |
| BCC | Email Recipient(s) that were Blind Copied |
| SUBJECT | Subject line of emails |
| THREADID | Identification of email threads |
| PARENTID | Identification of email parent relationships |
| FILENAME | Name of file |



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| DATESENT | Email sent date |
| TIMESENT | Email sent time |
| DATERECEIVED | Email received date |
| TIMERECEIVED | Email received time |
| DATESAVED | Save date |
| TIMESAVED | Save time |
| DATELASTPRINT | Date last printed |
| TIMELASTPRINT | Time last printed |
| FILEEXT | File extension of document |
| AUTHOR | Author information as derived from the properties of the document |
| COMPANY | Company that supplied the ESI in its raw format |
| TITLE | Title from document metadata (if applicable) |
| DATECREATED | Date document was created on non-emails |
| TIMECREATED | Time document was created on non-emails |
| DATEMODIFIED | Last date document was modified on non-emails |
| TIMEMODIFIED | Last time document was modified on non-emails |
| FILESIZE | Size of Native file |
| PGCOUNT | Number of pages in document |



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| OCRPATH | Path to extracted text of native file or OCR |
| NATIVELINK | Path to email or native file document (if applicable) |
| ORIGINALPATHFOLDER or FILEPATH | Path including filename |
| REDACTED | Whether the document contains redactions |



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com