UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARIAH MEADE, on her own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OLIVE & JUNE, LLC, a Delaware corporation,<br><br>Defendant. | Case No. 3:26-cv-05483-TMC<br><br>ORDER REMANDING CASE |

## I. INTRODUCTION AND BACKGROUND

This case is a proposed class action against Defendant Olive & June, LLC ("Olive & June") for allegedly sending false and misleading emails in violation of Washington's Commercial Electronic Mail Act ("CEMA"), RCW 19.190, and Washington's Consumer Protection Act ("CPA"), RCW 19.86. *See* Dkt. 1-1.

On April 8, 2026, Plaintiff Mariah Meade filed a putative class complaint against Olive & June in Pierce County Superior Court. *Id.* Sheffield alleges that Olive & June "has spammed" her and other Washington consumers "with commercial emails whose subject lines contain false or misleading statements in violation of her right to be free from such annoyance and harassment

under CEMA." *Id.* ¶ 90; *see also id.* ¶ 4. She describes a "deceptive" marketing scheme whereby Olive & June sends emails announcing time-limited sales and promotions that are later extended. *Id.* ¶¶ 39–80. She specifically points to an email she received from Olive & June on November 27, 2023, which she alleges "contained false statements of fact" in its subject line. *Id.* ¶¶ 90–93.

On May 8, 2026, Olive & June removed the case to federal court based on diversity jurisdiction under the Class Action Fairness Act ("CAFA"). Dkt. 1. On June 29, it moved to dismiss, arguing that Meade failed to state a claim under CEMA or the CPA. Dkt. 16. After reviewing the complaint, the Court determined that "it is not apparent that Meade has alleged an Article III as opposed to merely a statutory injury" and ordered Olive & June to show cause why this case should not be remanded to Pierce County Superior Court for lack of standing. Dkt. 37 at 4. On September 23, Olive & June responded to the show cause order. Dkt. 39.

The Court concludes that Meade lacks Article III standing and REMANDS this case to Pierce County Superior Court.

## II. LEGAL STANDARD

Both the Supreme Court and the Ninth Circuit "have held that whether or not the parties raise the issue, federal courts are required sua sponte to examine jurisdictional issues such as standing." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) (internal quotation marks, alteration, and emphasis omitted) (quoting *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002)). Removal of a civil action to federal district court is proper when the federal court would have original jurisdiction over the state court action. 28 U.S.C. § 1441(a). Although there is "no antiremoval presumption" for cases removed pursuant to CAFA, the removing party must put forth evidence establishing jurisdiction if "the court questions[ ] the defendant's allegation[s]." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

Moreover, as the party invoking federal jurisdiction, Olive & June bears the burden of establishing the existence of a case or controversy under Article III. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *see also Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1099 (9th Cir. 2022). "To establish Article III standing, an injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)). "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). For an injury in fact to exist, a statutory violation must have "caused [a plaintiff] to suffer some harm that 'actually exist[s]' in the world; there must be an injury that is 'real' and not 'abstract' or merely 'procedural.'" *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1112 (9th Cir. 2017) (second alteration in original) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. at 340–41). "[A] plaintiff does not 'automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *Id.* (alteration in original) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. at 341). Furthermore, "standing is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek (for example, injunctive relief and damages)." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021).

## III. DISCUSSION

Olive & June argues that the Court should not remand this case because Meade possesses Article III standing to pursue both damages and injunctive relief. Dkt. 39 at 6–10. In the alternative, it asks the Court to stay this case pending the Ninth Circuit's resolution of *Montes v. Penney OpCo, LLC*, No. 26-241, which concerns a similar legal question. *Id.* at 12–13; *see Montes v. Catalyst Brands LLC*, No. 2:25-CV-0281-TOR, 2025 WL 3485827, at *2 (E.D. Wash.

Dec. 4, 2025) (concluding that the receipt of emails allegedly in violation of CEMA and the CPA is not an injury-in-fact for the purposes of Article III standing). The Court addresses each of these arguments in turn.

**A. Meade lacks Article III standing.**

The Washington Supreme Court recently held that "CEMA does not require a showing of injury for statutory damages to be awarded because the injury is receiving the e-mail that violates CEMA." *Brown v. Old Navy, LLC*, 4 Wn.3d 580, 592, 567 P.3d 38 (2025). But the legislature's creation of a statutory injury does not automatically confer Article III standing. *TransUnion*, 594 U.S. at 426–27. Instead, "[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id.* at 427. In other words, for this Court to have either original or removal jurisdiction, a CEMA plaintiff must have alleged that she has "suffered a harm that has traditionally been actionable in our nation's legal system." *Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025).

In *Samaduroff v. David Peyser Sportswear, Inc.*, this Court held that "the mere receipt of alleged misleading or false marketing email subject lines, absent any allegation of economic loss, detrimental reliance, or any comparable injury, does not constitute a concrete harm sufficient to establish Article III injury." No. 3:26-CV-05275-TMC, 2026 WL 2675977, at *2 (W.D. Wash. Sept. 11, 2026) (quoting *Stutsman v. Sirius XM Radio LLC*, No. 2:25-CV-01113-LK, 2026 WL 2445129, at *4 (W.D. Wash. Aug. 20, 2026)). While the Court acknowledges the contrary decisions cited by Olive & June, *see* Dkt. 39 at 6, 8–10, the facts of this case give the Court no reason to depart from its holding in *Samaduroff*.

Pointing to generalized allegations in the complaint regarding "unanticipated and unwanted volumes of commercial email" by businesses marketing to American customers, Olive

& June asserts that Meade has experienced an injury similar to a traditional injury like invasion of privacy. Dkt. 39 at 9–10 (quoting Dkt. 1-1 ¶ 21). Olive & June correctly notes that Meade does not specifically allege that she consented to receive emails from the company. *Id.* at 9. However, Meade also does not allege that she personally received any unsolicited messages from Olive & June. Nor does the complaint contain any allegation that Meade made a purchase from Olive & June in reliance on a false or misleading email subject line, or that she faces a risk of doing so in the future. "[A]nnoyance and harassment," on their own, are not sufficiently connected to a traditional harm like invasion of privacy, which involves nonconsensual conduct.

With these circumstances in mind, Meade lacks standing to pursue either damages or injunctive relief. First, "in a suit for damages, the mere risk of future harm, standing alone, cannot qualify as a concrete harm." *TransUnion*, 594 U.S. at 436. Meade alleges no "economic loss, detrimental reliance, or any comparable injury" arising from the email she received, foreclosing her ability to seek damages for Olive & June's alleged conduct. *Samaduroff*, 2026 WL 2675977, at *2 (quoting *Stutsman*, 2026 WL 2445129, at *4). Second, while "a person exposed to a risk of future harm may pursue forward-looking, injunctive relief to prevent the harm from occurring," that risk must be "sufficiently imminent and substantial." *TransUnion*, 594 U.S. at 435. Although Meade claims to have previously received a false or misleading email from Olive & June, "[k]nowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th Cir. 2018). And even assuming that the emails will continue, Meade does not allege that they will affect her own purchasing habits in any way. *See id.* at 969–70 (explaining that threats of future harm from false advertising may include plausible allegations that a consumer "will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to" or "that she might purchase the

product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved"). In short, no allegations of *imminent* risk are present in Meade's complaint. Injunctive relief is thus unavailable.

**B. The Court declines to stay this case pending the outcome of *Montes v. Penney OpCo, LLC*.**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). To that end, a district court has discretion to grant or deny a request for a stay. *Nken v. Holder*, 556 U.S. 418, 433 (2009). As the party requesting a stay, Olive & June "bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34. In determining whether to issue a stay, a court should consider four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1989)).

For the reasons expressed above, Olive & June has not made a strong showing that the *Montes* case is likely to result in a decision favorable to Olive & June on the question of Article III standing. Taken together, the remaining factors also weigh against issuing a stay in this instance. Olive & June alleges no harm, irreparable or otherwise, that it may face from the imposition of a stay. *See* Dkt. 39 at 12–13. To the extent that the public—a purported class of Washington consumers—is implicated in this case, it serves the public interest for this case to be litigated sooner rather than later. And although there is no evidence that Meade would be "substantially injure[d]" by a stay, Olive & June does not proffer sufficient reason to postpone the resolution of her claims. While Olive & June argues that the Court would benefit from the

Ninth Circuit's guidance on this question, *id.*, the same is true of the hundreds of other matters pending before the appeals court at any given time. To delay this case for an indeterminate amount of time while awaiting the outcome of an appeal in a separate matter would not be economical for the Court, for counsel, or for litigants.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. The above-captioned case is REMANDED to the Pierce County Superior Court.
2. The pending motion to dismiss (Dkt. 16) is DENIED as moot.
3. The Clerk shall mail a certified copy of this Order to the Clerk of Court for the Pierce County Superior Court.
4. The Clerk shall transmit the record herein to the Clerk of Court for the Pierce County Superior Court.
5. The Clerk shall close this case.

Dated this 9th day of October, 2026.

Tiffany M. Cartwright
United States District Judge